**In re DAIGLE.**

No. 22937.

United States District Court,
D. Maine, S. D.

April 2, 1953.

---

Alton A. Lessard, U. S. Atty., and Edward J. Harrigan, Asst. U. S. Atty., Portland, Me., for United States.

William P. Donahue, Biddeford, Me., pro se.

CLIFFORD, District Judge.

This case comes before this Court on the petition of the United States of America for review of an Order by the Referee in Bankruptcy in the above-captioned matter, dated November 15, 1950, wherein the Referee, in effect, directed the Trustee in Bankruptcy to pay and allow wage claims of five employees in accordance with his Order of Distribution, free and clear of income withholding taxes claimed to be due by the United States.

The United States contends that such Order was, and is, erroneous and contrary to law, and that the Referee erred in authorizing the payment of the said wage claims *free and clear of the claim of the United States for withholding taxes.*

The facts, briefly stated, are as follows: Paul Daigle, a general contractor, employing a number of individuals, filed a petition in bankruptcy on October 7, 1948, and was adjudged a bankrupt on October 9, 1948. Five of his former employees properly filed proofs of claims for wages earned within three months from the date of bankruptcy. The Referee determined that the five employees were entitled to allowance of their claims for wages and assigned to the claims the priority to which they were entitled under the provisions of Section 64, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(2).

On the 11th day of October, 1950, the Referee ordered the United States to appear before him to show cause why he, the said Referee, should not order payment of the wage claims by the Trustee in Bankruptcy free and clear of any claim of the United States, that income withholding taxes should be withheld and paid by the said Trustee to the Collector of Internal Revenue for the District of Maine.

The United States seasonably filed its Answer to the show cause Order and, among other things, it asserted that such claims for wages should not be paid to these employees free and clear of the obligation that taxes on said amount be withheld by the Trustee and paid by him to the appropriate Collector of Internal Revenue.

On November 10, 1950, the Referee filed his opinion setting forth his reasons why the taxes should not be so withheld, disagreeing with the authorities cited by the United States. On November 15, 1950, the Referee filed his Order to the effect that the Trustee was authorized to pay and allow wage claims in accordance with his Order of Distribution free and clear of claims for withholding.

On the 17th day of November, 1950, the Government filed a motion for extension of time for filing a Petition for Review of the Referee's Order. This motion

was granted and the time was extended for thirty days beyond the ten days provided by statute 11 U.S.C.A. § 67, sub. c. Although the Petition for Review was not filed until eleven days beyond the extension allowed by this Court, this Court in the exercise of its discretion, permitted the Petition for Review to be filed and allowed, in view of the fact that no monies involved had been disbursed, and no injury had been suffered by any one as a result of the late filing of the Petition for Review. In re C & P Co., D.C., 63 F.Supp. 400; Pfister v. Northern Illinois Finance Corporation, 317 U.S. 144, 63 S.Ct. 113, 87 L.Ed. 146.

The only issue with which this Court is concerned is whether or not the Trustee in Bankruptcy is an employer within the meaning of the withholding provisions of the Internal Revenue Code, Sec. 1621(d), 26 U.S.C.A. § 1621(d) and therefore, bound to withhold income taxes upon claims for wages earned by employees of the Bankrupt within the prescribed period.

The United States contends that a Trustee in Bankruptcy is bound to withhold income taxes from claims of wages earned by employees within three months of the date of bankruptcy because the Trustee is an employer, for income withholding tax purposes, and is obligated to pay the amounts withheld as income taxes to the Collector of Internal Revenue in the appropriate District, citing as its authority United States v. Fogarty, 8 Cir., 164 F. 2d 26, 174 A.L.R. 1284, and United States v. Curtis, 6 Cir., 178 F.2d 268, which are directly in point.

These contentions are based upon section 1622(a) of the Internal Revenue Code, as added by section 2 of the Current Tax Payment Act, 26 U.S.C.A. § 1622(a), which requires an employer making payment of wages to deduct and withhold from such wages a tax equal to an amount there specified, and section 1623 which makes the employer liable for the payment of the tax so required to be deducted and withheld. Section 1621(d) defines "employer" as the "person for whom an individual performs or performed any service, of whatever nature, as the employee of such person, except that * * * if the person for whom the individual performs or performed the services does not have control of the payment of the wages for such services, the term 'employer' means the person having control of the payment of such wages".

The Referee in Bankruptcy frankly concedes in his opinion that the decisions of the Eighth and Sixth Circuits, herein referred to, are applicable to the facts of this case and fully sustain the contentions of the Government, but the Referee, however, is not in accord with either the reasoning or the conclusions reached by the Circuit Courts in these cases. He is of the opinion that a Trustee in Bankruptcy is not an employer within the meaning of Section 1621(d) of the Internal Revenue Code, citing cases to the effect that the Courts of one Circuit are not bound by the decisions of the Courts of another Circuit, and being desirous of obtaining a ruling by this Court upon this question which in this jurisdiction had not been previously determined, he felt free to render a decision contra to the decisions in the above-cited cases. The Referee is of the opinion that the Congress of the United States intended the word "employer" to cover only certain special cases.

It is the view of the Referee that Congress intended the word "employer" to apply only to the type of situation where there are recurring payments "on a weekly or monthly basis * * * over a substantial period of time", and "that it would be unreasonable to conclude that the provision of the Internal Revenue Code relative to withholding is applicable to a Trustee in Bankruptcy unless it is determined that all of the provisions including the penalty provision has application to him." He is also of the opinion that the duty of collecting the tax is an unreasonable burden to place upon the shoulders of a Trustee in Bankruptcy in the administration of the business of the Court because he lacks adequate facilities to perform this function. Briefly, the position of the Referee is that Congress did not intend to include within Section 1621(d) of the In-

ternal Revenue Code the United States and its instrumentalities as "employer".

The Fogarty case held, in part, that the language of Section 1621(d) of the Internal Revenue Code was sufficiently broad to include within the definition of "employer" one standing in a trust position, as a Trustee in Bankruptcy. The Court stated: "We think, however, that the trustee was the one in control of the payment of wages within the intent of Section 1621 (d) [of the Internal Revenue Code]. The purpose is to treat the actual payor of the remuneration as the employer for withholding and payment purposes." U. S. v. Fogarty, 8 Cir., 164 F.2d 26, 32. This conclusion was supported by a citation to the report of the committee which considered the Current Tax Payment Act (S. Report No. 221, 78th Congress, First Session).

The purpose of the Current Tax Payment Act of 1943 was to establish a system whereby individual taxpayers would pay the general income tax currently.

This Court, after careful consideration of the reasoning and decisions of the United States Court of Appeals for the Eighth Circuit in the case of United States v. Fogarty, 164 F.2d 26, and by the United States Court of Appeals for the Sixth Circuit in the case of United States v. Curtis, 178 F.2d 268, as well as the divergent views of the able and experienced Referee in Bankruptcy, is of the opinion that these aforementioned Circuit Court cases were decided correctly and therefore concur in their opinions with respect to the duty and liability of the Trustee in Bankruptcy to withhold income taxes upon claims for wages earned prior to the date of bankruptcy, and, necessarily, that a Trustee in Bankruptcy is an employer within the meaning of the withholding provisions of the Internal Revenue Code, Sec. 1621(d).

This Court finds that the Order of the Referee in Bankruptcy, dated November 15, 1950, is erroneous in that he authorized the Trustee in Bankruptcy to pay the wage claims free and clear of the claim of the United States for income withholding taxes.

It Is Therefore Ordered, Adjudged and Decreed that the Order of the Referee in Bankruptcy be and is hereby reversed, with direction that the claim of the United States for the income withholding taxes involved, be allowed, and that income withholding taxes be withheld by the Trustee and paid to the Director of Internal Revenue for the District of Maine.