561 F.2d 1382
 77-2 USTC P 9659
 In the Matter of ARMADILLO CORPORATION, Bankrupt, and
Republic Drug Company, Bankrupt.
UNITED STATES of America, Plaintiff-Appellant-Cross-Appellee,
v.
Charles W. ENNIS, Trustee, and Roger C. Gifford, Trustee,
Defendants-Appellees-Cross-Appellants.
 Nos. 76-1514, 76-1515, 76-1516 and 76-1517.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Aug. 5, 1977.
Decided Sept. 28, 1977.
 
 Karl Schmeidler, Tax Division, U. S. Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Denver, Colo., Gilbert E. Andrews and Crombie J. D. Garrett, Tax Division, U. S. Dept. of Justice, Washington, D. C., on the brief), of counsel; James L. Treece, U. S. Atty., and Carolyn J. McNeill, Asst. U. S. Atty., Denver, Colo., for plaintiff-appellant-cross-appellee United States.
 Mackintosh Brown of Fuller & Evans, Denver, Colo., for defendants-appellees-cross-appellants Ennis and Gifford.
 Before SETH, HOLLOWAY and BARRETT, Circuit Judges.
 BARRETT, Circuit Judge.
 
 
 1
 Appellant, United States, seeks review of the district court's determination of the liability of trustees in bankruptcy for (a) employees' taxes represented by withheld income tax (26 U.S.C.A. § 3402) and Federal Insurance Contributions Act tax (F.I.C.A.) (26 U.S.C.A. § 3102) in relation to wages earned prior to but paid after the initiation of bankruptcy proceedings and (b) for employers' F.I.C.A. taxes (26 U.S.C.A. § 3111) and Federal Unemployment Tax Act taxes (F.U.T.A.) (26 U.S.C.A. § 3301) in relation to such wages. Appellees, trustees, cross-appeal challenging their liability for payment of the taxes, the priority to be afforded the tax claims, and the necessity of the United States to file a proof of claim for the taxes. A brief recitation of the proceedings had may prove helpful in placing the controversy in focus.
 
 
 2
 Two unrelated companies fell into bankruptcy in early 1970. In each instance the trustee's final report queried the trustee's liability for the aforementioned taxes. The bankruptcy judge thereafter categorized the wage claims as priority wage claims[1] under Section 64(a)(2) of the Bankruptcy Act (Act) (11 U.S.C.A. § 104(a)(2) ) or as general unsecured wage claims. After doing so, the bankruptcy judge ruled in each case that the trustees were: not liable for the F.I.C.A. and F.U.T.A. taxes imposed on the employer by §§ 3111 and 3301, respectively, for the priority wage claims; not liable for the same F.I.C.A. and F.U.T.A. taxes imposed on the employer for general unsecured wage claims because the United States had failed to file a proof of claim for such taxes; not liable for withholding the employees portion of the withheld income and F.I.C.A. taxes imposed by §§ 3402 and 3101, respectively, for general unsecured wage claims; but that trustees were liable for withholding the employee's portions of the withheld income and F.I.C.A. taxes for priority wage claims.
 
 
 3
 On appeal, the district court initially observed that the bankruptcy court had correctly determined that the trustee was liable for the employees' portion of the withheld income and F.I.C.A. taxes for priority wage claims in accordance with the mandate of Otte v. United States, 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974), and that, accordingly, those taxes were not in issue on appeal. The district court then proceeded to consider each of the four taxes in issue relative to (a) the trustee's liability, (b) the priority to be afforded the claim if liability was present, and (c) whether the United her the United States must file a formal proof of claim.
 
 
 4
 After considering the four taxes in the above-mentioned manner, the district court held that the trustees were liable for the F.I.C.A. and F.U.T.A.[2] taxes imposed on the employer by §§ 3111 and 3101, respectively, for both priority wage claims and general unsecured wage claims, and that the trustees were also liable for the employees' portion of the withheld and F.I.C.A. taxes imposed by §§ 3402 and 3101 for general unsecured claims. In addition to finding the trustees liable for all the taxes in question relative to wages accrued prior to but paid after the commencement of bankruptcy, regardless of their classification as priority or general unsecured wage claims, the district court held that the United States need not file a proof of claim for the taxes. The court further held that the taxes would not be afforded a priority under the Act and should be "accorded the same priority as all other general unsecured claims pursuant to the proviso of § 64(a)(4)" of the Act.
 
 
 5
 On appeal, United States argues that the trustees are liable for the payment of all the taxes in question, that it is not required to file proof of claims with respect to taxes relating to wage claims, that the taxes are entitled to the status of first priority debts under § 64(a) of the Act, and that the district court erred in ruling otherwise. Trustees, in their cross-appeal, contend that the district court erred in finding them liable for the taxes and in finding that the United States was not required to file proofs of claim. We will treat the trustees' claims first.
 
 I.
 
 6
 This appeal involves a case of first impression brought by United States to achieve a degree of certainty relative to the liability of trustees in bankruptcy for wage claim related taxes. The district court was, however, aided by Otte v. United States, supra, in limiting the issues to be determined:
 
 
 7
 It is important to note first what is not at issue here. The bankruptcy court held that the trustee in each case was liable for the taxes ordinarily withheld by an employer from the employee's wages i. e., the employee's income tax on his wages and his share of FICA. This holding was required by the Supreme Court's recent opinion in Otte v. United States, 419 U.S. 43, (95 S.Ct. 247, 42 L.Ed.2d 212) (1974) and is not challenged here. In Otte the Court held that either the bankruptcy judge or the trustee was an "employer" under §§ 3401 and 3101 of the Internal Revenue Code and was responsible for withholding those taxes on the § 64(a)(2) priority wage claims. Id. at 51, (95 S.Ct. 247). There, as in these two cases, the wages had been earned prior to the filing of the bankruptcy petition but had not been paid prior to that time. The Government did not need, according to Otte, to file a proof of claim for these taxes since "(l)iability came into being only during bankruptcy." Id. at 55 (95 S.Ct. 247).
 
 
 8
 (R., Vol. II, p. 134.)
 
 
 9
 Trustees argue collectively that they are not liable for: (1) the employer's portion of F.I.C.A. taxes on priority wage claims because the taxes are excise taxes, added increments, and that no employment relationships were established or maintained between trustees and wage claimants; (2) the payment of F.U.T.A. taxes on priority wage claims because they are excise taxes. Trustees contend that F.U.T.A. taxes are different from the other taxes herein, and should not be considered in pari materia with them because the employees are protected by a bankrupt's unemployment coverage and that if the employees obtain new employment they will be covered by their new employer(s). Trustees argue that the few dollars which might be garnered by holding them liable for F.U.T.A. do not justify the extra time and manpower necessary to calculate credits; (3) the employer's portion of F.I.C.A. taxes or for F.U.T.A. taxes on general unsecured wage claims because the wages to which these claims are traced have lost their identity as wages and are simply part of the general mass of unsecured non-priority claims. Trustees also contend that they are not employers for these kind of added increment taxes; and (4) that trustees are not liable for withholding the employees' portion of withheld income and F.I.C.A. taxes on general unsecured wage claims because there is no reason that these wages should retain their character as wages, but rather, that they should be considered the same as any other trade creditor claim. Trustees argue that these claims should not be withheld since to do so would dilute funds available for general creditors.
 
 
 10
 It is undisputed that all employers are statutorily required to pay or withhold the taxes at issue herein.[3] Thus, the pivotal question on the issue of liability comes down to the degree to which a trustee is required to function as an employer in paying and withholding wage claim related taxes.
 
 
 11
 In Otte v. United States, supra, relied upon by the trial court, the Court held that a trustee is obligated to withhold and pay the employee's withheld income tax and the employee's share of F.I.C.A. taxes for priority wage claims. Although not deciding the issues immediately before us, the Court did opine generally relative to a trustee's withholding responsibility:
 
 
 12
 Every Court of Appeals which has faced the issue, including the Second Circuit in the present case, has held, contrary to the ruling of the referee, that the withholding provisions of the Internal Revenue Code, and of state or municipal tax statutes, require that a trustee in bankruptcy withhold income and social security taxes from payments of wage claims, and that he prepare and submit to the wage claimants, and to the taxing authorities the reports and returns statutorily required of employers. United States v. Fogarty, 164 F.2d 26, 30-33 (CA8 1947); United States v. Curtis, 178 F.2d 268, 269 (CA6 1949), cert. denied, 339 U.S. 965, 70 S.Ct. 1001, 94 L.Ed. 1374 (1950); Lines v. California Dept. of Employment, (9 Cir.) 242 F.2d 201, 202, reh. den., 246 F.2d 70 (CA9), cert. denied, 355 U.S. 857, 78 S.Ct. 86, 2 L.Ed.2d 64 (1957); In re Connecticut Motor Lines, Inc., 336 F.2d 96 (CA3 1964). To the same effect is In re Daigle, 111 F.Supp. 109, 111 (Me.1953). (Emphasis supplied.) 419 U.S., at p. 48, 95 S.Ct., at p. 252.
 
 
 13
 The Court also opined relative to a trustee's liability:
 
 
 14
 The payment of the wage claims is thus "payment of wages" under § 3402(a) of the Internal Revenue Code.
 
 
 15
 The fact that in bankruptcy payment of wage claims is effected by one other than the bankrupt former employer does not defeat any withholding requirement. Although § 3402(a) refers to the "employer making payment of wages," § 3401(d)(1), as also has been noted, provides that if the person for whom the services were performed "does not have control of the payment of the wages for such services," the term "employer" then means "the person having control of the payment of such wages." This obviously was intended to place responsibility for withholding at the point of control. The petitioner trustee suggests that control rests in the referee rather than in the trustee, because of the former's duty, under § 39a(5) of the Act, 11 U.S.C. § 67(a)(5), to "declare dividends." We need not determine whether it is the trustee, with his responsibility, under §§ 47a(8) and (11) of the Act, 11 U.S.C. §§ 75(a)(8) and (11), for making recommendations and actual payments, or the referee, with his supervision over the general administration of the bankrupt estate, or the estate itself, that has "control of the payment of such wages," within the meaning of § 3401(d)(1) of the Internal Revenue Code. One of them is the "employer" and, as such, has the duty to withhold or to order that withholding, as the case may be. An "employer," under § 3402(a), is thus present. (Emphasis supplied.)
 
 
 16
 419 U.S., at pp. 50-51, 95 S.Ct., at p. 253.
 
 
 17
 The Otte opinion further observed not only that " 'employer' then means the person having control of the payment of such wages" under § 3402 for the purpose of withholding employees' income tax but that "The fact that the FICA withholding provisions of the Code do not define 'employer' is of no significance, for that term is not to be given a narrower construction for FICA withholding than for income tax withholding." 419 U.S., at p. 51, 95 S.Ct. at p. 253.
 
 
 18
 Applying the guidelines in this format we conclude that the district court did not err in finding the trustees liable for withholding and payment of the taxes here in issue. Trustees' arguments that F.I.C.A. and F.U.T.A. taxes are excise taxes for which a trustee is not liable are without merit, as is the argument that liability is not present because an employer-employee relationship did not exist between the employees of the bankrupts and the trustees. We also do not see merit in trustees' assertions that (a) the liability imposed relating to their declared withholding obligations do not justify the extra time and manpower needed in bankruptcy proceedings and, (b) that the general unsecured wage claims lose their identity as wages and should not be given treatment in variance with other general unsecured claims. We believe that the contentions of the trustees are directed to the wrong branch of government. This was well expressed in Otte :
 
 
 19
 . . . If relief is to be considered for bankrupt estates in this respect, it is a matter for legislative, not judicial, concern. There is nothing in the Act or in the Internal Revenue Code that relieves the trustee of these duties. ("tasks of withholding, reporting, returning, and remitting") . . .
 
 
 20
 419 U.S., at p. 54, 95 S.Ct. at p. 255.
 
 
 21
 Trustees have not directed our attention to any authority, statutory, regulatory, or otherwise, nor has our independent research disclosed a valid, viable argument for excusing trustees from their liability to withhold and pay the wage related taxes. Had Congress desired to relieve trustees of the liabilities of withholding and paying under the circumstances of this case, it could have easily done so. Under these circumstances, we do not opt to read into the relevant statutes that which is not clearly present, since to do so "would involve judicial activism into a political, legislative and/or executive area." See Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1952). That trustees are liable for wage claim related taxes is consistent with the purpose of Congress to enable employees displaced by bankruptcy to secure, with some promptness, money due in back wages. United States v. Embassy Restaurant, 359 U.S. 29, 79 S.Ct. 554, 3 L.Ed.2d 601 (1959). No less a standard should be afforded to the taxes generated by the wage claims.
 
 II.
 
 22
 Trustees contend, that with the exception of the claims for the employee's withheld income and F.I.C.A. taxes on general unsecured wage claims, that the United States must file a claim for the taxes here in issue. Trustees argue that this is particularly true for excise taxes which are "not included in gross wages earned and unpaid" and that notice is therefore essential. Trustees contend this is necessary since many trustees are not sophisticated businessmen and that without the benefit of notices excise taxes such as these are often overlooked.
 
 
 23
 United States argues, contra, that filing proof of claims would serve no useful purpose since the wage claims giving rise to the taxes in question are already before the trustees, in that the taxes arise only when the wages are paid by the bankrupt's estate; and that since the taxes are debts of the bankrupt's estate, and not of the bankrupt, there is no need of filing proofs of claim prior to payment made by the trustees in the course of their administration of the estate.
 
 
 24
 Otte considered the necessity of filing proof of claims for the employees withheld income and F.I.C.A. taxes on priority wage claims:
 
 
 25
 The trustee asserts that because the United States and the city failed to file proofs of claim for the taxes at issue, payment thereof is barred. It is said that these taxing entities were on notice, by reason of Freedomland's bankruptcy schedules, that the bankrupt owed the priority wage claims; that these claims were to be filed within six months; that the entities could obtain an extension of time, under § 57n of the Act, 11 U.S.C. § 93(n), in which to compute and file their claims; and that they chose to ignore the referee's bar order directed, among others, to "taxing authorities and agencies," App. 24a.
 
 
 26
 This argument, in our view, misconceives the nature of the taxes that are to be withheld. Liability for the taxes accrues only when the wage is paid. Sections 3402(a) and 3101(a) of the 1954 Code; New York City Administrative Code §§ T46-51.0(a) and U46-8.0. The wages that are the subject of the wage claims, although earned before bankruptcy, were not paid prior to bankruptcy. Freedomland had incurred no liability for the taxes. Liability came into being only during bankruptcy. The taxes do not partake, therefore, of the nature of the debts of the bankrupt for which proofs of claim must be filed. (Emphasis supplied.)
 
 
 27
 419 U.S., at pp. 54-55, 95 S.Ct. at p. 255.
 
 
 28
 The key language, we believe, in the above-quoted portion of Otte is that the "taxes do not partake, therefore, of the nature of the debts of the bankrupt for which proofs of claim must be filed." We deem it noteworthy that the Supreme Court did not differentiate between the withheld income taxes and the "added increment" "excise" taxes for F.I.C.A. contributions. Significant, too, is the fact that the Court's comments are directed only to taxes as debts without cross referencing or elaborating on taxes as debts relative to priority wage claims and general unsecured wage claims. To be sure, Otte was not concerned with general unsecured wage claims. Even so, the opinion, particularly the above-quoted portion, does, we believe, lend credence to the proposition that the Court would have reached the same result for general unsecured wage claims. We are so persuaded because the pivotal factor is limited to the proper nature of wage claim taxes as bankruptcy debts and not in relation to the genesis of the wage claims giving rise to the taxes and debts. Under these circumstances, we do not believe that Otte may be logically extended so as to include a holding that the filing of proofs of claims is necessary for all the taxes here in issue. Accordingly, the district court is affirmed relative to its filing rulings.
 
 III.
 
 29
 The United States contends that all wage claim related taxes are entitled to be considered first priority debts under § 64(a) of the Act (11 U.S.C.A. § 104(a)) and that the district court erred in not affording priority to such claims. We disagree. Otte discussed this issue in detail in its determination that the employees' withheld and F.I.C.A. taxes on priority wage claims are entitled to the same priority as the wages from which they emerge:
 
 
 30
 With withholding taxes thus determined as properly applicable to priority wage claims, their placement in the payment scale under § 64a must be determined. The choice lies between the first priority (costs and expenses of administration), urged by the United States; the second priority (wages and commissions, limited as the statute specifies), urged by the city of New York; the fourth priority ("taxes which become legally due and owing by the bankrupt"), urged by none of the parties here; and no priority at all. The third and fifth priorities clearly have no possible application to these taxes.
 
 
 31
 We readily reject the fourth priority. The withholding taxes are not taxes which became due and owing by the bankrupt. As has been noted above, the taxes did not become due and owing at all until the claims, constituting wages, were paid. This took place after bankruptcy, not before. The situation, thus, differs from that where the bankrupt paid wages prior to bankruptcy, but the taxes withheld were not remitted to the taxing entities by the time of the inception of the bankruptcy proceeding. The latter would be taxes "which became legally due and owing by the bankrupt." See In re John Horne Co., 220 F.2d 33 (CA7 1955); Pomper v. United States, 196 F.2d 211 (CA2 1952).
 
 
 32
 We similarly reject the first priority, although we recognize that this appears to be the favorite conclusion reached by those courts that have passed upon the issue. See n. 3, supra. The leading case for this approach is United States v. Fogarty, supra. The Court there, however, without a statement of underlying reasons, merely concluded that the taxes "should be allowed and classified as an expense of administration," 164 F.2d, at 33. In Lines v. California Dept. of Employment, supra, the court followed Fogarty and held that, because the tax accrued "subsequent to the filing of the petition in bankruptcy, such tax had the character of an expense of administration." 246 F.2d, at 71.
 
 
 33
 We think that more than a general observation that the taxes arose during bankruptcy is required to dignify withholding taxes with the prime status of first priority. We grant that the very language of § 64a(1) ("including the actual and necessary costs and expenses of preserving the estate subsequent to filing the petition") necessarily indicates that first priority items include some in addition to those that preserve or develop the bankrupt estate. Withholding taxes, however, do not strike us as costs or expenses of doing business. They are attributable in their entirety to the availability of funds for the payment of priority wage claims. They accrue only as those claims are paid and, to the extent of that payment, the payment of the taxes should be assured. In addition, it is anomalous to accord withholding taxes a higher priority than the wage claims to which they so directly relate. They can be computed only upon the amount of funds available for payment of the wage claims and should not have a computational base greater than those payments. The withholding taxes are, in full effect, part of the claims themselves and derive from and are carved out of the payment of those claims. We therefore fully agree with the Second Circuit's observation, (In re Freedomland, Inc., (2 Cir.) 480 F.2d 184) 480 F.2d, at 190: "Conceptually the tax payments should be treated in the same way as the wages from which they derive and of which they are a part."
 
 
 34
 419 U.S., at pp. 55-57, 95 S.Ct. at p. 255.
 
 
 35
 Applying these standards to the wages and taxes in issue, we hold that the district court correctly concluded that the taxes were not entitled to a priority, particularly in view of Otte's holding that wage claim related taxes are entitled only to the same priority as the wages from which they emerge. The contention of the United States that first priority treatment is the only means of assuring that such taxes are paid and the only feasible administrative treatment of taxes cannot, therefore, prevail.
 
 
 36
 WE AFFIRM.
 
 
 
 [1]
 Wages and commissions, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding
 
 
 [2]
 This liability to be contingent upon the trustee paying $1500 or more in wages during any calendar quarter in the calendar year, and was remanded for a determination of same
 
 
 [3]
 § 3402 of the Code and § 31.3402(a)1(b) of the Regulations require employers to withhold income taxes and § 3403 of the Code along with § 31.3403(1) require employers to pay the withheld taxes to the United States; § 3102 of the Code requires employers to withhold employee F.I.C.A. taxes and § 31.3102-2 of the Regulations requires employers to pay over these taxes to the United States; § 3111 of the Code and § 31.3111-4 of the Regulations impose liability on an employer for the employer's portion of F.I.C.A. taxes and § 31.3111-5 of the Regulations dictates the manner of payment; § 3301 of the Code and § 31.3301-1 of the Regulations impose liability upon the employer for the F.U.T.A. taxes