**In re ARLAN'S DEPARTMENT STORES, INC., Debtor.**

**No. 73 B. 468 (RLC).**

United States District Court, S. D. New York.

March 4, 1980.

Rosenman, Colin, Freund, Lewis & Cohen, New York City, for trustee; Jane S. Solomon, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, by Eileen Sudler, Asst. U. S. Atty., of counsel.

## OPINION [1]

ROBERT L. CARTER, District Judge.

Under the liquidation plan for the debtor approved and confirmed by this court in January, 1975, creditors' claims against the bankrupt estate were divided into five

1. This opinion replaces the opinion filed on October 15, 1979, and that opinion is withdrawn.

classes, A through E, in descending order of priority.[2]

Among the Class A and B creditors were employees who had worked for the debtor-in-possession and the trustee during the administration of the estate under Chapters X and XI of the former Bankruptcy Act ("Act"), ch. 575, § 1, 52 Stat. 883–916 (1938) (repealed 1978).[3] Their wage claims were paid in full, and income taxes and the employees' portion of social security ("FICA") taxes were withheld and paid to the appropriate taxing authorities. The trustee paid the employer's unemployment and FICA taxes for these wages to the appropriate federal and state taxing authorities as well. The Class C priority wage claims were also paid in full, and the employees' taxes arising from these wages were withheld and paid over. Pursuant to court order, however, the employer's taxes on Class C wages have not yet been paid by the trustee.

The trustee has moved to classify in Class E the employer's taxes arising from payment of the Class C priority wage claims. The parties agree that there will not be sufficient assets remaining in the estate to pay any Class E claims. The government[4] argues that the employer's taxes arising in connection with the payment of these wages should be accorded either first priority under § 64(a)(1) of the former Act, Pub.L. 90–157, § 1, 81 Stat. 511 (1967) (re-pealed 1978), as expenses of administering the bankrupt estate, or, in the alternative, the same priority as the wage claims themselves—here Class C.[5]

The proper priority treatment to be accorded employment taxes arising in connection with pre-bankruptcy wage claims has long troubled the federal courts. *See, e. g., In re Connecticut Motor Lines, Inc.,* 336 F.2d 96 (3d Cir. 1964); *In re Freedomland,* 480 F.2d 184 (2d Cir. 1973), *aff'd sub nom. Otte v. United States,* 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974); *Lines v. California,* 242 F.2d 201 (9th Cir.), *cert. denied,* 355 U.S. 857, 78 S.Ct. 86, 2 L.Ed.2d 64 (1957); *United States v. Fogarty,* 164 F.2d 26 (8th Cir. 1947). The Supreme Court has recently clarified part of the confusion by holding that the trustee in bankruptcy is an employer within the meaning of § 3402(a) of the Internal Revenue Code,[6] *Otte v. United States,* 419 U.S. 43, 48–51, 95 S.Ct. 247, 251–253, 42 L.Ed.2d 212 (1974), and that employees' withholding taxes are entitled to the same priority in bankruptcy as the wages from which they arise, because these taxes are carved out of the wages themselves. *Id.* at 57–58, 95 S.Ct. at 256–257. The question of the priority of the employer's unemployment and FICA taxes, however, was not directly addressed by *Otte* and has been decided, as far as I have been able to ascertain, by only two federal courts

**2.** Class A contains claims of creditors that arose during administration of the estate under Chapter X; Class B includes claims that arose during administration of the estate under Chapter XI; Class C is comprised of pre-petition wage claims of the debtor's employees that are entitled to priority under § 64(a)(2) of the Bankruptcy Act, Pub.L. 90–157, § 1, 81 Stat. 511 (1967) (repealed 1978); Class D includes taxing authorities whose claims are entitled to priority under § 64(a)(4) of the former Act; Class E consists of general claims, including wage claims over and above $600 due to the § 64(a)(2) claimants.

**3.** The former Bankruptcy Act, repealed by Pub.L. 95–598, Title I, § 101, 92 Stat. 2549 (1978), effective October 1, 1979, continues to control proceedings such as this one which were commenced under it. Bankruptcy Reform Act of 1978, § 403(a), 11 U.S.C. § 403(a).

**4.** The appropriate state taxing authorities were contacted in connection with this motion, but none has expressed interest in opposing it.

**5.** Under the new Act, 11 U.S.C. § 507 (1979), claims for the employees' share of taxes attributable to wages earned, but not paid, before the filing of the bankruptcy petition receive third priority to the extent the wages themselves receive third priority. The employers' share of such taxes on third priority wages are payable as sixth priority claims.

**6.** Section 3402(a) requires "[e]very employer making payment of wages" to "deduct and withhold upon such wages . . . a tax . . . ." *Otte* held that the trustee is the employer for withholding tax purposes since he, and not the bankrupt for whom the services were performed, has control of the payment of wages; the Act intended to place responsibility for withholding at the point of control. *Otte v. United States,* 419 U.S. at 50, 95 S.Ct. at 253.

since *Otte*. *See In re Armadillo Corp.*, 561 F.2d 1382 (10th Cir. 1977), *aff'g* 410 F.Supp. 407 (D.Colo.1976); *In re Richardson Dinner Theatre, Inc.*, 421 F.Supp. 423 (N.D.Tex. 1976).

The government's argument for first priority for these taxes must be rejected at the outset. In *Otte*, which dealt with employees' taxes only, the Supreme Court disapproved the holding of *United States v. Fogarty*, 164 F.2d 26 (8th Cir. 1947), that the employer's taxes arising from pre-petition priority wage claims should receive first priority. *Otte v. United States*, 419 U.S. at 57, 95 S.Ct. at 256; *see In re Armadillo Corp.*, 410 F.Supp. at 412. The Court expressly approved the Second Circuit's reasoning in *In re Freedomland*, 480 F.2d at 190, in determining that according a higher priority to employees' withholding taxes than to the wages from which they derive would lead to the anomalous result of depleting the assets of the estate available to pay the wages themselves. *Otte v. United States*, 419 U.S. at 57, 95 S.Ct. at 256. *Otte*'s analysis has since been applied to the employer's portion of these taxes as well, for according first priority to the employer's taxes would result in a similar anomalous depletion of the estate to the disadvantage of the priority wage claimants. *In re Armadillo Corp.*, 410 F.Supp. at 413; *In re Richardson Dinner Theatre*, 421 F.Supp. at 424–25.

█ In addressing whether the employer's taxes here are entitled to the same priority as the wage claims (the government's alternative position) or to no priority (the trustee's position), both sides rely on the 10th Circuit's opinion in *In re Armadillo Corp.*, 561 F.2d 1382 (10th Cir. 1977), for support, but disagree on what the decision means. Some of the language in that opinion is not without ambiguity, and, read in isolation, might be understood as supporting the government's argument for Class C priority here.[7] Nevertheless, when read in conjunction with the lower court decision which it affirms *in toto, In re Armadillo* clearly holds that whereas the employees' wage-related taxes receive the same priority as the wages themselves, as required by *Otte*, the employer's portion of these taxes stands on a different footing and receives no priority whatsoever.

█ *In re Armadillo* recognizes that the employees' and employer's taxes are different in nature. Employees' withholding taxes are entitled to the same priority as the wages from which they emerge because these taxes are part and parcel of the wages themselves. *Otte v. United States*, 419 U.S. at 57–58, 95 S.Ct. at 256–257. They are obligations of the employee, and the employer is merely a conduit for their payment under Congress's "pay as you go" policy. The employer's portion of wage-related taxes is, in contrast, a direct obligation of the employer, an excise tax imposed on him by reason of his having persons in his employ. *In re Armadillo Corp.*, 410 F.Supp. at 411.

The district court in *Armadillo* correctly reasoned that the employer's taxes could not receive § 64(a)(2) priority[8] because, unlike the employees' taxes, they are neither wages nor derived from the wage claims. *Id.* at 413; *accord, In re Richardson Dinner Theatre, Inc.*, 421 F.Supp. at 425–26.[9] Ad-

---

7. The government cites *In re Armadillo Corp.*, 561 F.2d at 1387–88, where the court relies on "*Otte's* holding that wage claim related taxes are entitled only to the same priority as the wages from which they emerge." In context, however, it is clear that the 10th Circuit was citing *Otte* as its basis for rejecting the government's argument on appeal that the district court erred in refusing first priority to the employer's taxes. The appellate court affirmed the district court's decision to accord no priority to these taxes. *Id.* at 1388.

8. Section 64(a)(2) of the former Act, Pub.L. 90–157, § 1, 81 Stat. 511 (1967) (repealed 1978), accords second priority to "wages and commissions, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding . . . ."

9. The court in *In re Richardson Dinner Theatre, Inc.*, 421 F.Supp. at 425–26, explained that although the employer's FICA taxes arise in connection with employment and are used to benefit old or sick employees, these taxes are not considered by either employer or employee to

ditionally, since *Otte* had determined that the trustee is the employer within the meaning of the Act, these taxes could not fall within the fourth priority, § 64(a)(4)— here Class D—as taxes due and owing by the bankrupt, for they did not become due until after bankruptcy when the wages were paid. *See Otte v. United States*, 419 U.S. at 56, 95 S.Ct. at 256; *In re Armadillo Corp.*, 410 F.Supp. at 413. *Contra, In re Richardson Dinner Theatre, Inc.*, 421 F.Supp. at 426–28.

■ I follow the well-reasoned opinion of *In re Armadillo*, and reach the same result: the employers' taxes on priority wage claims earned pre-bankruptcy but paid post-bankruptcy do not fall within the first four priorities of § 64(a) and should therefore receive non-priority treatment as general unsecured claims (here Class E).

The trustee's motion to classify these employer's taxes in Class E is granted. Since insufficient assets exist to pay any Class E claims in this case, the trustee's motion for an order directing that he need not file reports in connection with those taxes is granted as well.

IT IS SO ORDERED.

be part of the agreed compensation which, but for the tax, the employee would otherwise receive. Further, were they wages, the employee would bear both his own and the employer's burden of financing the social security system; this would be contrary to the Bankruptcy Act policy of preferring the wage earner's claim to the taxes arising from it. Finally, the Act evinces a Congressional intent to provide a protective cushion of $600 to the wage earner; were the employer's taxes to share the same priority as the wages, the worker's recovery might be lessened. *Id.*