JOHN W. PECK, Senior Circuit Judge.
This appeal requires a determination of whether a trustee in bankruptcy who makes priority wage payments to the bankrupt’s employees for services rendered to the bankrupt prior to the bankruptcy is an “employer” subject to F.I.C.A. and F.U.T.A. employer taxes.
Plaintiff is the trustee in bankruptcy of the Laub Baking Company. At the time of bankruptcy, the company owed its employees wages for services rendered before the bankruptcy occurred. The plaintiff paid these wages as second priority claims against the bankrupt estate pursuant to 11 U.S.C. § 104(a)(2). The plaintiff withheld the employees’ income taxes and Federal Insurance Contribution Act (F.I.C.A.) taxes from these wages and reported and paid these taxes to the Internal Revenue Service. The plaintiff did not report or pay any employer’s F.I.C.A. or Federal Unemployment Tax Act (F.U.T.A.) taxes based on these wages. The defendant Internal Revenue Service filed proofs of claims for both employer’s F.I.C.A. and F.U.T.A. taxes based on the priority wage payments made by the plaintiff and assessed these taxes against the bankrupt estate. The plaintiff then made a motion to the bankruptcy court to disallow the defendant’s claims for the assessed taxes.
The bankruptcy court held that the plaintiff was liable for employer’s F.I.C.A. and F.U.T.A. taxes on the priority wage claims paid by the plaintiff and that these tax claims were to be accorded fourth priority status as taxes due and owing by the bankrupt pursuant to 11 U.S.C. § 104(a)(4). Plaintiff appealed to the district court, asserting that the bankruptcy court erred in holding the plaintiff liable for employer taxes, and further argued that if he were liable, then the tax claims were not entitled to priority status. Defendant appealed that portion of the bankruptcy court order assigning the tax claims fourth priority status, contending that the tax claims were entitled to first priority status as costs and expenses of administration under 11 U.S.C. § 104(a)(1). The district court affirmed the conclusions of law and the order of the bankruptcy court. Both plaintiff and defendant have appealed. The issues before the court on appeal are (1), whether the plaintiff as trustee for the bankrupt estate is liable for employer’s F.I.C.A. and F.U. T.A. taxes based on priority wage payments made pursuant to 11 U.S.C. § 104(a)(2), and (2), if the plaintiff is liable, whether the tax claims are entitled to priority status under 11 U.S.C. § 104.
*198 I
We conclude that the district court properly affirmed the bankruptcy judge’s determination that the Trustee is liable for the employer’s share of F.I.C.A. and F.U.T.A. taxes on Bankruptcy Act § 64(a)(2) priority wage payments. This determination hinges on whether the Trustee was an “employer” within the meaning of §§ 3401 and 3101 of the Internal Revenue Code. This issue was resolved by the Supreme Court in Otte v. United States, 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974). Therein the Court stated,
The fact that in bankruptcy payment of wage claims is effected by one other than the bankrupt former employer does not defeat any withholding requirement. Although § 3402(a) refers to the “employer making payment of wages,” § 3401(d)(1), as also has been noted, provides that if the person for whom the services were performed “does not have control of the payment of the wages for such services,” the term “employer” then means “the person having control of the payment of such wages.” This obviously was intended to place responsibility for withholding at the point of control. The petitioner trustee suggests that control rests in the referee rather than in the trustee, because of the former’s duty, under § 39a(5) of the Act, 11 U.S.C. § 67(a)(5), to “declare dividends.” We need not determine whether it is the trustee, with his responsibility under §§ 47a(8) and (11) of the Act, 11 U.S.C. §§ 75(a)(8) and (11), for making recommendations and actual payments, or the referee, with his supervision over the general administration of the bankrupt estate, or the estate itself, that has “control of the payment of such wages,” within the meaning of § 3401(d)(1) of the Internal Revenue Code. One of them is the “employer” and, as such, has the duty to withhold or to order the withholding, as the case may be. An “employer,” under § 3402(a), is thus present.
The situation is the same with respect to FICA withholding. Section 3102(a) of the Internal Revenue Code, 26 U.S.C. § 3102(a), provides that the tax is to be collected by the employer by deducting “from the wages as and when paid.” Here, too, the payments clearly are “wages” under that statute, even though again, at the time of payment, the employment relationship between the bankrupt and the claimant no longer exists. And here, also, the regulations long and consistently have been to this effect. 26 CFR § 31.3121(a)-1(i); Treas. Reg. 128 § 408.226(a) (1951); Treas. Reg. 106 § 402.227(a) (1940). The fact that the FICA withholding provisions of the Code do not define “employer” is of no significance, for that term is not to be given a narrower construction for FICA withholding than for income tax withholding.
419 U.S. 50-51, 95 S.Ct. 253. It goes without saying that the situation is also the same with respect to F.U.T.A. withholding.
A subsequent decision of the Court of Appeals for the Tenth Circuit involved both F.I.C.A. and F.U.T.A. withholding taxes in a situation similar to that here presented, In re Armadillo Corp., 561 F.2d 1382 (10th Cir. 1977). Following the mandate of Otte, supra, that court held that the Trustee was in context “employer,” and therefore liable for the employer’s portion of F.I.C.A. and F.U.T.A. taxes on the priority wage payments. As the district judge pointed out in his opinion in the present case, the Trustee’s argument that the general unsecured creditors of the bankrupt would find their dividends diluted to the extent of the Trustee’s payment of the taxes at issue, is more appropriately placed before the legislative branch of government. In Armadillo, supra, the Tenth Circuit made this response to that contention.
Trustees have not directed our attention to any authority, statutory, regulatory, or otherwise, nor has our independent research disclosed a valid, viable argument ' for excusing trustees from their liability to withhold and pay the wage related taxes. Had Congress desired to relieve trustees of the liabilities of withholding and paying under the circumstances of this case, it could have easily done so. *199 Under these circumstances, we do not opt to read into the relevant statutes that which is not clearly present, since to do so “would involve judicial activism into a political, legislative and/or executive area.” See Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1952). That trustees are liable for wage claim related taxes is consistent with the purpose of Congress to enable employees displaced by bankruptcy to secure, with some promptness, money due in back wages. United States v. Embassy Restaurant, 359 U.S. 29, 79 S.Ct. 554, 3 L.Ed.2d 601 (1959). No less a standard should be afforded to the taxes generated by the wage claims.
561 F.2d at 1386.
We similarly conclude that for present purposes the Trustee was an “employer” responsible for the payment of the F.I.C.A. and F.U.T.A. taxes at issue.
II
While, in accordance with the foregoing, we affirm the district judge’s resolution of the first issue, we part company with him on the second issue and conclude that the employer F.I.C.A. and F.U.T.A. taxes are not entitled to priority status. The district court held that these taxes were entitled to a fourth priority status under § 64(a) of the Bankruptcy Act. In their appeals to this court, the Trustee contends that the taxes should be given the same status as general unsecured claims, while the United States argues that the F.I.C.A. and F.U.T.A. taxes are entitled to first priority as expenses in the administration of the bankrupt estate.
In Otte, the Supreme Court rejected both these arguments where the issue was the priority to be given to claims for employee income and employee F.I.C.A. taxes that were withheld and paid by the trustee-as-employer. The Court stated that these taxes did not arise as an actual and necessary cost of administration of the bankrupt’s estate and therefore were not entitled to first priority. The Court rejected fourth priority status for these claims because the taxes were not due and owing until the trustee paid the employees’ wage claims, and thus the taxes were not due and owing by the bankrupt as required for fourth priority. These same reasons are equally applicable to the present case, and require the conclusion that the tax claims here are not entitled to first or fourth priority.
In Otte, the Supreme Court accorded the claims for employee income and employee F.I.C.A. taxes withheld by the employer and paid by the trustee a second priority. The Court reasoned that these taxes are, in effect, “carved out” of the employees’ wages, and that they should be treated in the same way as the wages from which they were derived. Since the wage claims from which the employee income and employee F.I.C.A. withholding taxes were derived were themselves entitled to a second priority in the Otte case, the Court concluded that the employee income and employee F.I.C.A. tax claims were also entitled to second priority.
Unlike the Otte case, the present case involves only claims for taxes on the bankrupt employer. The Trustee here has already paid the withheld employee taxes that were in issue in Otte. Unlike those withheld employee taxes, the taxes in issue in the present case are not “carved out” of employee wages. Rather, §§ 3111 and 3301 of the revenue code each impose an “excise tax” on employers with respect to having individuals in their employ. These taxes are taxes on the employer, not taxes on the employee that are withheld from the employee’s wages and paid by the employer on behalf of the employee. The mere fact that computation of these employer taxes is based on the amount of wages that are paid to employees does not alter this fact. Thus, the rationale of Otte is inapplicable here, and second priority under § 64(a)(2) of the Bankruptcy Act does not encompass these tax claims.
Concluding that none of the specific priority sections of § 64(a) apply to the tax claims at issue in this case, we must conclude that the claims are not entitled to any priority.
*200 Accordingly, the judgment of the district court is affirmed in part and reversed in part.