L. Dan WINSTEAD, Jr. et al., Plaintiffs

v.

UNITED STATES of America, Defendant.

No. 1:91CV00393.

United States District Court,
M.D. North Carolina,
Durham Division.

June 2, 1994.

Opinion on Reconsideration Sept. 15, 1994.

Kurt Lindquist, McNair & Sanford, Raleigh, NC, for L. Dan Winstead, Jr., L. Dan Winstead, III, and Thomas D. Winstead.

Erik Doerring, McNair & Sanford, Washington, DC, for L. Dan Winstead, III.

United States Atty., Greensboro, NC and Thomas Holderness, U.S. Dept. of Justice, Washington, DC, for defendant.

## *MEMORANDUM OPINION AND ORDER*

WARD, Senior District Judge.

This matter comes before the Court on defendant's and plaintiffs' Cross–Motions for Summary Judgment. For the reasons stated herein, plaintiffs' motion will be denied and defendant's motion will be granted with respect to liability but not with respect to the extent of damages.

## I. FACTS

In 1980 through 1982, tobacco was grown on L. Dan Winstead Jr.'s land under a sharecropper arrangement. This arrangement called for Mr. Winstead to provide the tenants with a house, land to farm and equipment. Mr. Winstead was also to split the costs of fertilizer with the tenants.

The tenants were responsible for working the land and being accountable financially for hired help. As part of the sharecropper arrangement, Mr. Winstead advanced the tenants money to cover ordinary expenses. After the tobacco was sold, the proceeds were split evenly between Mr. Winstead and the tenant. However, before paying the tenants their share, Mr. Winstead would deduct the amount of money advanced on the tenant's behalf for expenses.

Several of Mr. Winstead's tenants employed day laborers to assist with the farming. As a part of the expenses advanced to the tenants, Mr. Winstead paid the day laborers directly from his checking account. The payments made to the day laborers were later deducted from the tenant's share of the tobacco proceeds. This action arises because no employment or unemployment taxes were withheld from the day laborers pay.

## II. DISCUSSION

Summary judgment must be granted if the record reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The movant bears the burden of persuasion on these issues. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). A non-movant may survive the motion by producing "evidence from which a jury might return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The substantive law applicable to the case determines whether a fact is material. *Id.* at 248, 106 S.Ct. at 2510. In considering evidence, all reasonable inferences are to be drawn in favor of the non-moving party. *Id.* at 255, 106 S.Ct. at 2513.

Plaintiffs filed this action on August 5, 1991 in an attempt to require the Internal Revenue Service ("IRS") to refund employment taxes and penalties allegedly erroneously assessed. Defendant answered by denying that the employment taxes and penalties were erroneously assessed and filed a counterclaim for damages consisting of unpaid balance, interest and penalties.

### A. Plaintiffs' Liability for Failing to Withhold Social Security Taxes

Employers are required to collect and pay over an employee's share of Social Security

tax. 26 U.S.C. § 3102. Employers are also liable for the employer's share of Social Security tax and an unemployment tax on wages paid to employees. 26 U.S.C. §§ 3111, 3301. Plaintiffs' argument essentially consists of the contention that they were not the employer of the day laborers and therefore should not be required to withhold the employer's share of the Social Security tax or unemployment tax. Likewise, plaintiffs contend that, since they were not the employers of the day laborers, they should not be penalized for failing to withhold the day laborers share of the Social Security tax.

To support their contention, plaintiffs argue that they did not hire the day laborers and did not have the authority to control the work performed by the day laborers. Plaintiffs further argue that 26 U.S.C. § 3121(b) specifically exempts from employment service work performed under a shareholder arrangement. In order to be exempted from the employment classification, 26 U.S.C. § 3121(b)(16) requires that service be:

performed by an individual under an arrangement with the owner or tenant of land pursuant to which—

(A) such individual undertakes to produce agricultural or horticultural commodities ... on such land

(B) the agricultural or horticultural commodities produced by such individual, or the proceeds therefrom, are to be divided between such individual and such owner or tenant, and

(C) the amount of such individual's share depends on the amount of the agricultural or horticultural commodities produced.

■ This exemption applies to the arrangement between plaintiffs and the tenants but does not apply to the arrangement between plaintiffs and the day laborers. The crop was split between plaintiffs and the tenants. The crop was not split between plaintiffs and the day laborers. The day laborers were only paid by the hour; their earnings did not depend on the amount of tobacco produced. Since the relationship between plaintiffs and the day laborers does not satisfy all of the elements required by 26 U.S.C. § 3121(b)(16), plaintiffs are not exempted from the employment classification.

Defendant contends that plaintiff was indeed the employer and relies upon 26 U.S.C. § 3401(d)(1) for support. This section defines "employer" as:

the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person, *except that*—(1) if the person for whom the individual performs or performed the services does not have control of the payment of the wages for such services, the term "employer" (except for purposes of subsection (a)) means the *person having control of the payment of such wages* ... (emphasis added).

Although 3401(d) only applies to income tax withholding, the Supreme Court has applied the definition to determine who the employer is with regard to withhold of Social Security tax as well. *Otte v. U.S.,* 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974). The *Otte* court held that the term "employer" is not to be given a narrower construction for the purposes of Social Security tax withholding than given for employment tax withholding. *Otte,* at 53, 95 S.Ct. at 254. Therefore, the court held that a bankruptcy trustee was the employer for the purposes of withholding Social Security taxes since the trustee had control of the payment of wages. *Id.*

■ The facts make it clear that plaintiffs had control over the day laborers pay and could easily have withheld the employees and employers share of Social Security tax. Accordingly, plaintiffs are held to have been the employers of the day labors for the purposes of Social Security tax withholding.

**B. Plaintiffs' Liability for Failing to Withhold Unemployment Taxes**

■ Defendants also contend that plaintiffs should be classified as employers for the purposes of withholding unemployment taxes. For the purposes of the withholding of unemployment taxes, an employer of agricultural labor is defined as a person who:

during any calendar quarter in the calendar year or the preceding calendar year paid wages of $20,000 or more for agricultural labor ...

26 U.S.C. § 3306(a)(2)(A). The record indicates that plaintiffs paid over $20,000 in the third quarter of 1982 and thus will qualify as an employer. Accordingly, plaintiffs fall within the classification of employer as defined by § 3306(a)(2)(A).

Additional support from other circuit courts has been provided to support the defendant's contention that plaintiffs should be classified as employers for the purposes of unemployment taxes. Several courts have addressed the issue of whether § 3401(d)(1) should be extended to apply to unemployment taxes as it is applied to FICA. These courts have held that, for the purposes of defining employer, 26 U.S.C. § 3401(d)(1) should be applied to determine the employer with respect to the withholding of unemployment taxes. *In re Laub Baking Co.*, 642 F.2d 196 (6th Cir.1981); *In the Matter of Armadillo Corp.*, 561 F.2d 1382 (10th Cir. 1977). Both *Laub Baking Co.* and *Armadillo Corp.* dealt with the issue of whether the trustee in bankruptcy should be classified as the employer for the purposes of withholding of Social Security and unemployment taxes. The courts in both cases applied the rationale from *Otte* to decide that the trustee in bankruptcy should be deemed the employer since they controlled the payment of wages. *In re Laub Baking Co.*, at 199; *Armadillo Corp.*, at 1386.

Although the present action does not involve a bankruptcy proceeding, the issue of whether the party paying the wages should be classified as the employer is identical. The reasoning employed in *Otte, Laub Baking Co.*, and *Armadillo Corp.* is sound and persuasive. The party who controls the payment of wages is in the best position to withhold the necessary taxes and should consequently be required to withhold all statutorily proscribed taxes. Plaintiffs not only fit the statutory definition of employer as defined by 26 U.S.C. § 3306(a)(2)(A), they also fit the definition of employer as defined by § 3401(d)(1). Accordingly, plaintiffs should have withheld unemployment taxes.

Plaintiffs were the employers of the day laborers for the purposes of withholding Social Security and unemployment taxes. Accordingly, plaintiffs were required by statute to withhold Social Security and unemployment taxes from the wages of the day labors. Since there is no question of material fact with respect to plaintiffs' liability, defendant's motion for Summary Judgment will be granted with respect to the issue of liability and plaintiffs' motion for summary judgment will be denied.

## C. Damages

█ Neither party briefed the issue of the extent of the damages claimed by defendant. Although, in their answer to defendant's counterclaim plaintiffs did deny defendant's claims for specific amounts of damages. Plaintiffs did not specify whether they denied owing any damages to defendant or whether they denied the amount of damages claimed by defendant. Plaintiffs' denial may be based on plaintiffs' original denial of liability. Now that the issue of liability has been resolved, it is possible that plaintiffs will no longer deny the amount of damages. However, at the present time there appears to be a dispute as to the extent of damages owed by plaintiff. Since this creates a question of material fact, the issue of the amount of damages owed by plaintiffs is not a proper matter for summary judgment. Accordingly, defendant's motion for Summary Judgment will not be granted with respect to the amount of damages owed by plaintiffs.

IT IS THEREFORE ORDERED, THAT plaintiffs' Motion for Summary Judgment be, and the same hereby is, **DENIED** and that defendant's Motion for Summary Judgment be, and the same hereby is, **GRANTED** with respect to liability and **DENIED** with respect to the amount of damages owed by plaintiffs.

## MEMORANDUM OPINION AND ORDER ON RECONSIDERATION

This matter comes before the Court on plaintiffs' Motion for Reconsideration, plaintiffs' Motion for Certification and defendant's motion for Entry of Judgment. For the reasons stated herein, all motions will be denied.

## DISCUSSION

On June 2, 1994, this Court entered a Memorandum Opinion and Order finding that plaintiffs were liable for failure to withhold FICA and FUTA taxes. Plaintiffs were involved in a sharecropper arrangement with tenants. Plaintiffs advanced the tenants money to cover expenses and the tenants were responsible for working the land as well as being financially accountable for hiring the necessary laborers. Plaintiffs failed to withhold FICA and FUTA payments and the IRS eventually assessed plaintiffs for these payments.

Plaintiffs filed an action for a refund of the FICA and FUTA payments which was decided by the Memorandum and Opinion dated June 2, 1994. The June 2nd decision only decided the liability issue but no ruling was made regarding the amount of taxes owed. Since the parties disputed the amount of taxes owed and the amount of penalties owed, it was held that this was a factual matter and should be settled by the finder of fact. Accordingly, the Memorandum and Opinion dated June 2, 1994 granted Summary Judgment on the issue of liability but not on the issue of the amount of taxes and penalties owed.

Plaintiffs have now filed a Motion for Reconsideration and a Motion for Certification of Judgment. Defendant has filed a Motion for Entry of Judgment. Each motion will be discussed separately.

### A. Motion for Reconsideration

Plaintiffs are requesting reconsideration of the Memorandum and Opinion of June 2, 1994 pursuant to Rules 60(a) and (b)(6) of the Federal Rules of Civil Procedure. These rules allow a court to correct "clerical mistakes" or "errors ... arising from oversight or omission."

Plaintiffs initially contend that this Court failed to address the issue of income tax withholding liability. However, defendant never claimed that plaintiffs were liable for income tax withholding. Since this was not a claim, the issue was not addressed in the June 2nd Memorandum Opinion and will not be addressed herein. Suffice it to say that defendant has not alleged that plaintiffs are liable for income tax withholding.

Plaintiffs next seek to convince this Court to reconsider by rearguing the law that was originally argued in the briefs filed prior to the June 2nd Memorandum and Order. However, the relevant law was fully discussed in the June 2nd Opinion. Because plaintiffs fail to present any argument that was not originally made at the summary judgment stage, there is no reason to repeat the legal analysis. Accordingly, plaintiffs' Motion for Reconsideration will be denied.

Plaintiffs' final argument for reconsideration is that they should not be liable for penalties assessed by the IRS. Plaintiffs' liability for penalties was not addressed in the June 2nd Memorandum and Opinion. Plaintiffs contend that they their failure to pay the taxes was due to "reasonable cause and not willful neglect." To support this contention, plaintiffs argue that they relied on the advice of their accountant. Defendant argues that this is insufficient proof to overcome plaintiffs responsibility to affirmatively establish reasonable cause for not taking the required action. This dispute is not a dispute of law but is a dispute of fact. The issue being whether plaintiffs' accountant actually advised plaintiffs not to pay the taxes for which they are not liable. Since this is a factual question related to the credibility of a witness, it is not a proper question to be determined at summary judgment. Accordingly, plaintiffs' Motion for Reconsideration on the matter of penalties will be denied. Whether plaintiffs are subject to penalties will be determined at trial by the finder of fact.

Since all of plaintiffs' arguments for reconsideration have failed, plaintiffs' Motion for Reconsideration will be denied.

### B. Motion for Certification of Judgment

Plaintiffs' second motion is for Certification of Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1292(b). Plaintiffs are requesting that liability be severed from damages so that the issue of liability can be appealed

before the amount of damages have been determined.

■ Rule 54(b) allows certification of claims for appeal if certain conditions are satisfied. Rule 54(b) affects cases involving multiple claims where one claim has been totally resolved and can therefore be appealed as a final decision. In the present action there are multiple claims and partial summary judgment has been granted with respect to the issue of liability. However since the issue of damages remains for all claims, the claims are not final and consequently not ready for appeal. As a result, there is no final judgment which can be certified for appeal.

■ Plaintiffs next argue that this case should be certified for appeal pursuant to 28 U.S.C. § 1292(b). This statute gives discretion to the trial court to certify an order for appeal if certain criteria are satisfied. The order must involve "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." This statute should be strictly construed and used sparingly. *Myles v. Laffitte,* 881 F.2d 125 (4th Cir.1989).

Plaintiffs contend that requiring them to withhold FICA and FUTA payments is a "controlling question of law" and as such should be immediately appealable. For the sake of argument it will be assumed that plaintiffs are correct. However before this issue can be certified, it must be determined that the appeal will "materially advance the ultimate termination of the litigation."

■ This action is presently only partially resolved. While the issue of liability has been decided, the issue of damages remains. Certifying this incomplete action for appeal would be wasteful. By waiting for the issue of damages to be resolved, the entire action can be reviewed on appeal. Certifying the action for review before damages have been determined would likely result in one appeal on the liability issue and a separate appeal on the damages issue. Creating a situation necessitating two separate appeals is a waste of judicial resources and should be avoided if possible. Accordingly, this action will not be certified for appeal under 28 U.S.C. § 1292(b) and plaintiffs' Motion for Certification of Judgment will be denied.

## C. Motion for Entry of Judgment

Defendant has moved for an Entry of Judgment with respect to the amount of damages. As discussed in the Memorandum and Opinion of June 2, 1994, plaintiffs and defendant disagree as to the amount of taxes, penalties or interest owed by plaintiffs. Defendant contends that plaintiffs owe employment and unemployment taxes for 1980, 1981 and 1982. Defendants also contend that plaintiffs owe interest and penalties for the same time period. Plaintiffs contend that defendant's calculations are incorrect and plaintiffs rely on the statement of their accountant to support this contention.

Since there is a factual dispute over the amount of taxes, associated penalties and interest owed, this matter is not one that can be satisfied by an entry of judgment. The trier of fact must make factual determinations. It is true that plaintiffs bear the burden of proving that the assessments are incorrect. *United States v. Pomponio,* 635 F.2d 293 (4th Cir.1980). However, plaintiffs have alleged facts that support their theory for amount of taxes, interest and penalties owed. As a consequence, plaintiffs will be allowed their day in court to attempt to prove the inaccuracy of the IRS assessments. Accordingly, defendant's Motion for Entry of Judgment will be denied.

**IT IS THEREFORE ORDERED, THAT** plaintiffs' Motions for Reconsideration and Certification of Judgment be, and the same hereby are, **DENIED** and that defendant's Motion for Entry of Judgment be, and the same hereby is, **DENIED.**