In re TEREX CORPORATION, Debtor.

**John J. GUY, Trustee of the Terex Reorganization Trust, Plaintiff,**

v.

**TEREX CORPORATION and Internal Revenue Service, Defendants.**

Bankruptcy No. 583–1502.
Adv. No. 588–0068.

United States Bankruptcy Court, N.D. Ohio.

Nov. 9, 1988.

See also, Bkrtcy., 70 B.R. 996.

G. Christopher Meyer, Cleveland, Ohio, for debtor/defendant.

Joseph Hutchinson, Akron, Ohio, for Trustee of Terex Reorganization Trust.

Susan M. Poswistilo, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

John Guy, Akron, Ohio, Trustee for Terex Reorganization Trust.

## FINDING AS TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND UNITED STATES' CROSS–MOTION FOR PARTIAL SUMMARY JUDGMENT

HAROLD F. WHITE, Bankruptcy Judge.

This matter comes before the court upon Plaintiff's Motion for Partial Summary Judgment filed August 26, 1988 pursuant to the court's Order of July 14, 1988 granting time to file pleadings pursuant to summary judgment. On September 12, 1988 Defendant United States filed its Cross–Motion for Summary Judgment and Response to Plaintiff's Motion and also a Memorandum of Law in Support. Defendant Terex Corporation filed its Memorandum in opposition to Plaintiff's Motion on September 14, 1988. All pleadings have been filed in accordance with Fed.R.Civ.P. 56, made applicable pursuant to Bankr.R. 7056.

There is no dispute regarding the facts material to these motions.

### FACTUAL BACKGROUND

Terex Corporation (Debtor) filed for protection pursuant to chapter 11 of the Bankruptcy Code on November 4, 1983. As a result of the September 2, 1986 Confirmation of the Debtor's Modified Plan of Reorganization (Plan), a Reorganization Trust (Trust) was created and the plaintiff, John J. Guy (Trustee), was appointed trustee for the Trust.

On October 31, 1986 the Trustee and the Debtor entered into the Reorganization Trust Agreement whereby the Trust was

created as a legal entity. The Trust was to receive from the Debtor certain assets which in turn would be distributed by the Trustee, in accordance with the Plan and the Reorganization Trust Agreement, to certain entities holding allowed claims against the Debtor.

Specifically, the Plan provides, in pertinent part:

6.1 The Debtor shall pay to the Trustee, for the benefit of holders of Allowed Claims in Classes 2A, 2B and 3C, the principal amount of $8,000,000, on the terms and conditions set forth below.

.    .    .    .    .

(g) The proceeds of payments made pursuant to this Section 6.1, together with any interest earned thereon, shall be distributed by the Trustee to holders of Allowed Claims in Classes 2A, 2B and 3C pursuant to the provisions of the Trust Agreement.

Pursuant thereto, the Trustee, on January 25, 1988, distributed from the Trust the sum of $600,368.68 to the holders of certain claims allowed under Class 2A of the Plan. Those Class 2A Allowed Claims for which payment was made consist of certain claims of former employees of the Debtor represented for collective bargaining purposes by the United Auto Workers (Hourly Claimants). On June 8, 1988 the Trustee distributed from the Trust the sum of $3,240,153.52 to the Hourly Claimants and to the holders of certain claims allowed under Class 2B of the Plan. Those Class 2B Allowed Claims for which payment was made consist of certain claims of former salaried employees of the Debtor (Salaried Claimants). The Trustee admits that he alone has control of the payment of the wage claims and further, that he alone has made payment of the wage claims.

It is undisputed that all Hourly Claimants and Salaried Claimants are former employees of the Debtor and the distributions made to them by the Trustee were on the basis of allowed claims held against the Debtor arising from service performed by the Hourly Claimants and Salaried Claimants for the Debtor after the date of the bankruptcy petition but prior to Confirmation of the Plan.

It is further undisputed that the Trustee has withheld federal income tax due under Section 3402 of the Internal Revenue Code (Federal Withholding) and has withheld payment of Federal Insurance Contributions Act taxes due under Section 3101 of the Internal Revenue Code (Employee Portion of FICA) from the distributions of $3,840,522.20 made by the Trustee to the Hourly Claimants and Salaried Claimants.

Further, the Trustee has paid the Internal Revenue Service (IRS) the taxes due under Section 3111 of the Internal Revenue Code (Employer Portion of FICA) and the Federal Unemployment Tax Act taxes due under Section 3301 of the Internal Revenue Code (FUTA) and claims to have done so "under protest".

## ISSUE

The Trustee and the United States, on motion for summary judgment, seek a determination only as to whether or not the IRS has a direct claim against the Trust for payment of the Employer Portion of FICA taxes and the FUTA taxes.

## DISCUSSION OF LAW

The court finds that pursuant to Bankr. R. 7056 Fed.R.Civ.P. 56 is applicable to this proceeding. Therefore, upon motion for summary judgment, with or without supporting affidavits, judgment "shall be rendered forthwith if the pleadings, ... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The issue to be resolved is whether or not the Trustee is responsible for payment from the Trust of the Employer Portion of FICA taxes and FUTA taxes resulting from the disbursements made to the Hourly Claimants and Salaried Claimants pursuant to the Plan and Reorganization Trust Agreement. As there is no genuine issue as to a material fact, the court determines that the United States is entitled to judg-

ment as a matter of law upon its Cross–Motion for Partial Summary Judgment.

The tax liabilities at issue here arise pursuant to Sections 3111 and 3301 of the Internal Revenue Code. Section 3111 (Employer Portion of FICA) provides, in pertinent part:

> (a) Old-age, survivors, and disability insurance.—In addition to other taxes, there is hereby imposed on every employer an excise tax, with respect to having individuals in his employ, equal to the following percentages of the wages ... paid by him with respect to employment....

26 U.S.C.A. § 3111(a) (Supp.1988).

Section 3301 (FUTA) provides, in pertinent part: "There is hereby imposed on every employer (as defined in section 3306(a)) for each calendar year an excise tax, with respect to having individuals in his employ...." 26 U.S.C.A. § 3301 (Supp. 1988).

The Trustee admits that as Trustee of the Trust, he was responsible for paying the wages, the allowed claims, to the employees, the Hourly Claimants and Salaried Claimants, and was therefore responsible for withholding and paying over to the IRS the employee portion of income and FICA taxes resulting from the wages. 26 U.S.C. §§ 3402, 3102.

The Trustee, however, disputes he is an "employer" and therefore responsible for the employer's portion of FICA and FUTA taxes. However, the Trustee admits he was an "employer" for purposes of collecting Federal Withholding and the Employee Portion of FICA taxes.

> (d) **Employer.**—For purposes of this chapter, the term "employer" means the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person, except that—
>
> (1) if the person for whom the individual performs or performed the services does not have control of the payment of the wages for such services, the term "employer" ... means the person having

control of the payment of such wages....

26 U.S.C.A. § 3401(d)(1) (Supp.1988).

The Sixth Circuit has ruled that where an entity which does not have the direct employer-employee relationship with the employee pays the wages of an employee and makes the required withholdings from the wages, that that entity is also liable for the Employer Portion of FICA taxes and FUTA taxes arising from such payment. *In re Laub Baking Co.*, 642 F.2d 196 (6th Cir.1981). In *Laub*, a trustee in bankruptcy was responsible for paying the wage claimants. The trustee paid the wages and withheld the requisite Federal Withholding and Employee Portion of FICA taxes. The Sixth Circuit rejected the trustee's argument that as he was not the employer, he was not responsible for paying the Employer Portion of FICA taxes and FUTA taxes. Relying upon the Supreme Court's decision in *Otte v. United States*, 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974), and the Tenth Circuit's holding in *In re Armadillo Corp.*, 561 F.2d 1382 (10th Cir.1977), the Sixth Circuit ruled that the person having control of the payment of wages, i.e. the Trustee, is the "employer" liable for the Employer Portion of FICA taxes and FUTA taxes. *In re Laub*, 642 F.2d at 198. *See also In re Southwest Restaurant Systems, Inc.*, 607 F.2d 1237 (9th Cir.1979).

In *Armadillo*, the Tenth Circuit expressly rejected the distinction the Trustee attempts to draw between his liability for "income taxes" and "excise taxes" on the Employer Portion of FICA taxes and FUTA taxes and held that the lack of an employment relationship between a trustee and the debtor's employees was irrelevant to the trustee's liability for the Employer Portion of FICA taxes and FUTA taxes. "Trustees' arguments that F.I.C.A. and F.U.T.A. taxes are excise taxes for which a trustee is not liable are without merit, as is the argument that liability is not present because an employer-employee relationship did not exist between the employees of the bankrupts and the trustees." *In re Armadillo Corp.*, 561 F.2d at 1386.

As the District Court in *Armadillo* noted, if the entity with control of the payment of wages is not the entity liable for both the Employee and Employer Portions of FICA taxes and the FUTA taxes, then it might be possible for an employer to avoid liability for its employment tax contributions by assigning the duty of payment to an independent third-party. The employer could escape liability by claiming it was not the party paying the wages, whereas the third-party could escape liability by arguing that no employment relationship existed. Clearly, "[i]t is not to be presumed that Congress intended so easy an avenue of avoidance of its mandate." *In re Armadillo Corp.*, 410 F.Supp. 407, 412 (D.Colo. 1976), aff'd, 561 F.2d 1382 (10th Cir.1977).

The Trustee also argues that the distinction between the employee's portion of taxes, as an "income" tax, as opposed to the employer's portion, as an "excise" tax, is of fundamental importance. However, this argument was raised in *Armadillo* and both the District and Circuit courts discounted it for the reason that "Congress intended, as found by the Supreme Court in *Otte*, to impose the duties of chapter 21 of the Code [Federal Insurance Contributions Act] on the person for whom the employee performs or performed any service *or* the person who had control of the payment of wages." *In re Armadillo Corp.*, 410 F.Supp. at 411 (emphasis in original).

This court concludes that the Trustee is solely responsible for payment of the wage claims of the Hourly Claimants and Salaried Claimants and therefore is liable for the Employer Portion of FICA taxes and FUTA taxes resulting therefrom. Therefore, Plaintiff's Motion for Partial Summary Judgment must be denied and the United States' Cross–Motion for Partial Summary Judgment must be granted.

A separate Order in accordance with this Finding shall be entered.