**JOSEPH RADTKE, S.C., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 88–C–444.

United States District Court, E.D. Wisconsin.

April 11, 1989.

---

Karen Kotecki, Kotecki & Radtke, S.C., Milwaukee, Wis., for plaintiff.

Mary Bielefeld, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

TERENCE T. EVANS, District Judge.

Joseph Radtke, S.C. wants a refund of unemployment and Social Security taxes that it says were illegally assessed against and collected from the service corporation for calendar year 1982. The Radtke corporation, which employed lawyer Joseph Radtke for a salary of $0, maintains that it was not liable for such taxes because it paid him no wages, only dividends.

The Radtke corporation and the government have each moved for summary judgment. The government should win.

## FACTS

None of the facts are disputed.

Joseph Radtke received his law degree from Marquette University in 1978. The Radtke corporation was incorporated in 1979 to provide legal services in Milwaukee. Mr. Radtke is the firm's sole incorporator, director, and shareholder. In 1982, he also served as the unpaid president and treasurer of the corporation, while his wife Joyce was the unpaid and nominal vice-president and secretary. The corporation is an electing small business corporation, otherwise known as a subchapter S corporation. This means that it is not taxed at the corporate level. All corporate income is taxed to the shareholder, whether or not the income is distributed.

In 1982, Mr. Radtke was the only full-time employee of the corporation, though it employed a few other persons on a piecemeal and part-time basis. Under an employment contract executed between Mr. Radtke and his corporation in 1980, he received "an annual base salary, to be determined by its board of directors, but in no event shall such annual salary be less than $0 per year.... Employee's original annual base salary shall be $0." This base salary of $0 continued through 1982, a year in which Mr. Radtke devoted all of his working time to representing the corporation's clients.

Mr. Radtke received $18,225 in dividends from the corporation in 1982. Whenever he needed money, and whenever the corporation was showing a profit—that is, when there was money in its bank account—he would do what was necessary under Wisconsin corporate law to have the board declare a dividend, and he would write a corporate check to himself.

Mr. Radtke paid personal income tax on the dividends in 1982. The Radtke corporation also declared the $18,225 on its form 1120S, the small business corporation income tax return. But the corporation did not file a federal employment tax form (Form 941) or a federal unemployment tax form (Form 940). In other words, it did not deduct a portion of the $18,225 for Social Security (FICA) and unemployment compensation (FUTA). The IRS subsequently assessed deficiencies as well as interest

and penalties. The Radtke corporation paid the full amount that IRS demanded under FUTA—$366.44—and it also paid $593.75 toward the assessed FICA taxes, interest, and penalties. Then the corporation sued here after a fruitless claim for refunds.

## DISCUSSION

I have jurisdiction over this case under 28 U.S.C. § 1346(a)(1) (actions for recovery of taxes that are alleged to have been illegally assessed).

The Radtke corporation acknowledges that wages are subject to FICA and FUTA taxes, but it argues that the Internal Revenue Code nowhere treats a shareholder-employee's dividends as wages for the purpose of employment taxes. The government, on the other hand, contends that "since Joseph Radtke performed substantial services for Joseph Radtke, S.C., and did not receive reasonable compensation for such services other than 'dividends', the 'dividends' constitute 'wages' subject to federal employment taxes." The government does not allege that the Radtke corporation is a fiction that somehow failed to comply with Wisconsin statutes governing corporations.

The Federal Insurance Contributions Act defines "wages" as "all remuneration for employment," with various exceptions that are not relevant to this dispute. 26 U.S.C. § 3121(a). Similarly, the Federal Unemployment Tax Act defines "wages" as "all remuneration for employment," with certain exceptions that are not relevant. 26 U.S.C. § 3306(b). (Dividends are not specifically excepted in either act, and "remuneration" is not defined.) Mr. Radtke was clearly an "employee" of the Radtke corporation, as the plaintiff concedes. See 26 U.S.C. §§ 3121(d) and 3306(i). Likewise, his work for the enterprise was obviously "employment." See 26 U.S.C. §§ 3121(b) and 3306(c).

According to the Radtke corporation, not all "income" can be characterized as "wages." I agree. See Royster Company v. United States, 479 F.2d 387, 390 (4th Cir.1973) (free lunches did not constitute "wages" subject to FICA and FUTA); Central Illinois Public Service Co. v. United States, 435 U.S. 21, 25, 98 S.Ct. 917, 919, 55 L.Ed.2d 82 (1978) (reimbursement for lunches not "wages" subject to withholding tax; Court says in dicta that dividends are not wages).

At the same time, however, I am not moved by the Radtke corporation's connected argument that "dividends" cannot be "wages." Courts reviewing tax questions are obligated to look at the substance, not the form, of the transactions at issue. Frank Lyon Co. v. United States, 435 U.S. 561, 573, 98 S.Ct. 1291, 1298, 55 L.Ed.2d 550 (1978). Transactions between a closely held corporation and its principals, who may have multiple relationships with the corporation, are subject to particularly careful scrutiny. Tulia Feedlot, Inc. v. United States, 513 F.2d 800, 805 (5th Cir. 1975). Whether dividends represent a distribution of profits or instead are compensation for employment is a matter to be determined in view of all the evidence. Cf. Logan Lumber Co. v. Commissioner, 365 F.2d 846, 851 (5th Cir.1966) (examining whether dividends were paid in guise of salaries).

In the circumstances of this case—where the corporation's only director had the corporation pay himself, the only significant employee, no salary for substantial services—I believe that Mr. Radtke's "dividends" were in fact "wages" subject to FICA and FUTA taxation. His "dividends" functioned as remuneration for employment.

It seems only logical that a corporation is required to pay employment taxes when it employs an employee. See Automated Typesetting, Inc. v. United States, 527 F.Supp. 515, 519 (E.D.Wis.1981) (corporation liable for employment taxes on payments to officers who performed more than nominal services for corporation); C.D. Ulrich, Ltd. v. United States, 692 F.Supp. 1053, 1055 (D.Minn.1988) (discussing case law defining who is an "employee"; court refuses to enjoin IRS from collecting employment taxes from S corporation that paid dividends but no salary to sole shareholder and director, a certified public ac-

countant who worked for the firm). *See also* Rev.Rul. 73–361, 1973–2 C.B. 331 (stockholder-officer who performed substantial services for S corporation is "employee," and his salary is subject to FICA and FUTA tax); Rev.Rul. 71–86, 1971–1 C.B. 285 (president and sole stockholder of corporation is "employee" whose salary is subject to employment taxes, even though he alone fixes his salary and determines his duties).

An employer should not be permitted to evade FICA and FUTA by characterizing *all* of an employee's remuneration as something other than "wages." *Cf. Greenlee v. United States*, 87–1 U.S.T.C. Para. 9306 (corporation's interest-free loans to sole shareholder constituted "wages" for FICA and FUTA where loans were made at shareholder's discretion and he performed substantial services for corporation). This is simply the flip side of those instances in which corporations attempt to disguise profit distributions as salaries for whatever tax benefits that may produce. *See, e.g., Miles–Conley Co. v. Commissioner*, 173 F.2d 958, 960–61 (4th Cir.1949) (corporation could not deduct from its gross income excessive salary paid to president and sole stockholder).

Accordingly, the plaintiff's motion for summary judgment is DENIED, and the defendant's motion for summary judgment is GRANTED. The plaintiff is ORDERED to pay the remaining deficiency on its 1982 FICA taxes along with the assessed interest, penalties, and fees.[1]

---

**1.** The IRS calculates that these items amount to $2,915.92 plus interest from November 7, 1988, to the present. The Radtke corporation says its full FICA liability equals the $593.75 that it has already paid—an unlikely proposition no matter how one slices the corporation's tax obligations. I'll allow the parties to work out the exact figure on their own. If they can't do so, the government may petition to have judgment entered for a specific dollar amount.