**FRED R. ESSER, P.C., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. CIV 89–973 PHX EHC.**

United States District Court,
D. Arizona.

Oct. 26, 1990.

Robert Kamman, Phoenix, Ariz., for plaintiff.

Linda A. Akers, Phoenix, Ariz., Brian J. Feldman, U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

CARROLL, District Judge.

This controversy results from a 1980 IRS assessment against Fred R. Esser, P.C. ("taxpayer or corporation"), a small business corporation formed by Fred R. Esser ("Esser") in 1979 to provide legal services. Esser was the sole incorporator, president, secretary, sole member of the board of directors, and the only attorney providing legal services for the corporation. Esser's wife, Margaret, did all of the clerical work for the corporation.

Neither Esser nor his wife was paid a salary, although the corporation "loaned" Esser money on an almost weekly basis. At the end of the year, Esser would declare a dividend in the amount equal to the corporation's net taxable income. However, Esser would leave the dividends in the corporation to pay back the "loans" he received during the year. The Essers reported $49,487 as dividend income on their personal income tax returns, but did not pay any federal employment taxes under the Federal Insurance Contributions Act (FICA) or unemployment taxes under the Federal Unemployment Tax Act (FUTA).

Upon an IRS audit, the IRS assessed deficiencies against the taxpayer. The taxpayer corporation paid $408 in FUTA taxes and $2842.15 in FICA taxes; the IRS disallowed the claim for a refund. In this action by plaintiff corporation seeking a refund and statutory interest, the defendant United States has moved for summary judgment.

*Burden of proof*

·The plaintiff has a particularly heavy burden in this case. First, there is a presumption that the Certificate of Assessment and Payments is correct, unless the determination of deficiency was arbitrary or there was insufficient notice of deficiency. *United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.1984). Plaintiff does not argue that either exception applies in this case.

Further, salary arrangements between a closely held corporation and its shareholders are subject to close judicial scrutiny. *RTS Investment Corp. v. Commissioner,* 877 F.2d 647, 650 (8th Cir.1989).

*Grounds for summary judgment*

The defendant United States argues that the 1980 dividends to Esser constituted wages subject to FICA and FUTA taxes. Sections 3121(a) and 3306(b) of the Internal

Revenue Code ("IRC") define wages as "all remuneration from employment." Further, the Treasury Regulations on Employment Taxes and Collection of Income at Source, Sections 31.3121(a)—1(c) and 31.-3306(b)—1(c), provide that the form of the payments constituting wages is immaterial.

The initial question, then, is whether Fred Esser is an "employee" under the IRC. 26 U.S.C. § 3121(d) defines "employee" for purposes of FICA tax as "(1) any officer of a corporation; or (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of any employee." Under the case law interpreting the first definition, an officer of a corporation is deemed an employee for purposes of employment taxes if the officer performs substantial services for the corporation. *McGuire v. United States*, 349 F.2d 644 (9th Cir.1962).

Three recent IRS Revenue Rulings hold officer-stockholders of closely held corporations to be "employees" due to substantial services for the corporation, and that dividends constituted "wages" for federal employment tax purposes. Although revenue rulings do not have the force of law, they represent the "considered opinion of the agency" enforcing the tax laws and are therefore given weight by the Courts. *Confederated Tribes of Warm Spring, etc. v. Kurtz*, 691 F.2d 878, 881 n. 2 (9th Cir. 1982); *Washington State Dairy Products Commission v. United States*, 685 F.2d 298, 300 (9th Cir.1982).

Further, there is a case from the Eastern District of Wisconsin which is directly on point, *Radtke v. United States*, 712 F.Supp. 143 (E.D.Wis.1989). In *Radtke*, the plaintiff corporation sought a refund of employment taxes assessed against the corporation. The sole shareholder and director, Joseph Radtke, had not received a salary, but had received dividends from the corporation. As the corporation had not filed the required employment tax forms, the IRS assessed a deficiency. The Court held that Joseph Radtke was clearly an employee of the corporation due to his substantial work for the corporation and that

the "dividends functioned as remuneration for employment." *Radtke* at 145. The Court further stated, "An employer should not be permitted to evade FICA and FUTA by characterizing *all* of an employee's remuneration as something other than 'wages.'" *Radtke* at 146.

None of the plaintiff's arguments are meritorious. The relevant revenue rulings and federal cases indicate that Esser would be an employee due to his substantial legal services to the corporation, and that the dividends distributed to him should be treated as wages for the purpose of employment taxes. Summary judgment is therefore granted to defendant United States. The social security system is mandatory; despite Mr. Esser's philosophical opposition to the system, he must participate.

*The amount of taxes due*

█ Finally, plaintiff contends that 26 U.S.C. § 3509(a)(2) limits the amount of FICA taxes due to 20% of the amount otherwise determined when an employer fails to deduct and withhold social security taxes "by reason of treating such employee as not being an employee," but files information returns consistent with the tax treatment believed to apply to the individual.

However, § 3509(c) states that section (a) should not apply if the employer has intentionally disregarded the requirements to deduct and withhold such tax. In light of the established law in this area, it is clear that plaintiff intentionally disregarded those requirements. Plaintiff therefore may not receive any refund for the assessed taxes.

Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that judgment be entered by the Clerk of the Court in favor of the defendant and that plaintiff take nothing by way of its complaint.