CONSOLIDATED FLOORING SER-
VICES and Monroe Schneider As-
sociates–Texas, Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 94–352T, 95–1T.

United States Court of Federal Claims.

Feb. 17, 1999.

Martin A. Schainbaum, San Francisco, California, for plaintiff, with whom was David B. Porter, of counsel.

David R. House, Tax Division, United States Department of Justice, Washington, D.C., with whom on the brief were Mildred L. Seidman, and Loretta C. Argrett, Assistant Attorney General, for defendant.

## ORDER

MARGOLIS, Judge.

The parties requested that this Court identify the scope of the term "employment taxes" as used in the Court's August 21, 1997 opinion in these cases, reported at 38 Fed.Cl. 450 (1997). In that opinion, the Court held that from 1989 through 1992, plaintiff Consolidated Flooring Services was the statutory employer, under 26 U.S.C. § 3401(d)(1), of the installers' helpers; therefore plaintiff was liable for withholding and paying employment taxes on plaintiff's payments to the helpers. *See Consolidated Flooring Serv. v. United States,* 38 Fed.Cl. 450, 457–61 (1997). The present issue is what taxes are encompassed by the term "employment taxes." The parties filed memoranda of law and reply briefs on this issue. Defendant contends that as the statutory employer of the installers' helpers, plaintiff is liable for income tax withholding, the employee and employer por-

tions of the Federal Insurance Contributions Act ("FICA") tax, and the Federal Unemployment Tax Act ("FUTA") tax. Plaintiff contends that a statutory employer is only required to withhold income tax and is not liable for FICA or FUTA taxes. Furthermore, plaintiff argues that if the Court finds plaintiff is liable for FICA taxes, plaintiff should be required to pay the only employee's portion of the tax. Plaintiff also maintains that any employment tax liability should be limited by the doctrine of equitable recoupment and by application of 26 U.S.C. § 3509.

*I. Employment Tax Liability of a § 3401(d)(1) Employer*

■ In the Court's August 21, 1997 opinion in this case, the Court held that plaintiff was the employer of the installers' helpers under § 3401(d)(1) because plaintiff controlled the payment of wages to the helpers. *See Consolidated Flooring Serv.*, 38 Fed.Cl. at 459. The Supreme Court of the United States has held that a § 3401(d)(1) employer has the duty to withhold income taxes and FICA taxes.[1] *See Otte v. United States*, 419 U.S. 43, 51, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974). The Supreme Court noted that "[t]he fact that the FICA withholding provisions of the Code do not define 'employer' is of no significance, for that term is not to be given a narrower construction for FICA withholding than for income tax withholding." *Id.* Courts have uniformly interpreted *Otte* to mean that § 3401(d)(1) employers are liable for withholding income taxes, withholding FICA taxes, and paying FUTA taxes. *See Winstead*, 109 F.3d at 991 ("While [the § 3401(d)(1) definition of employer] is for income tax purposes, the Supreme Court has held that it is equally applicable to FICA. In addition, since *Otte*, courts have uniformly

applied the definition of section 3401(d)(1) to FUTA." (citation omitted)); *In re Laub Baking Co.*, 642 F.2d 196, 198–99 (6th Cir.1981); *In re Armadillo Corp.*, 561 F.2d 1382, 1386 (10th Cir.1977); *In re Terex Corp.*, 93 B.R. 127, 129–30 (Bkrtcy.N.D.Ohio1988).[2] Furthermore, a § 3401(d)(1) employer is liable for withholding the employee's portion of FICA and paying the employer's portion of FICA. *See In re Laub Baking Co.*, 642 F.2d at 198–99; *In re Armadillo Corp.*, 561 F.2d at 1384–86; *In re Terex Corp.*, 93 B.R. at 129–30. Therefore, the Court concludes that the term "employment taxes" as used in its August 21, 1997 opinion includes income taxes, the employee's portion of FICA, the employer's portion of FICA, and FUTA.

*II. Equitable Recoupment*

■ Plaintiff contends that payment of taxes pursuant to the Court's opinion should be limited by the doctrine of equitable recoupment because there is no evidence that the helpers did not pay the employment taxes for which plaintiff is liable. The doctrine of equitable recoupment allows a taxpayer to recoup previously overpaid taxes where there is a single transaction subjected to two taxes based on inconsistent legal theories. *See United States v. Dalm*, 494 U.S. 596, 605 n. 5, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *Gindes v. United States*, 228 Ct.Cl. 632, 661 F.2d 194, 201–02 (1981); *Last v. United States*, 37 Fed.Cl. 1, 8–9 (1996). The doctrine is inapplicable to this case because plaintiff has not overpaid any tax or been subjected to two taxes based on inconsistent theories. Instead, the relevant provision of law is 26 U.S.C. § 3402(d), which provides that when an employee pays all of his withholding or FICA taxes, the employer is relieved of liability. *See* 26 U.S.C. § 3402(d) (1994); *Jones v. United States*, 613 F.2d

---

1. Plaintiff contends that *Otte* is limited to bankruptcy cases. The Court rejects such a limitation of *Otte*, as have other courts, *see, e.g., Winstead v. United States*, 109 F.3d 989, 992 (4th Cir.1997), because the *Otte* court did not rely on any principle of bankruptcy law to determine that the § 3401(d)(1) definition of employer also applied to FICA taxes.

2. Plaintiff relies on *Arthur Venneri Co. v. United States*, 169 Ct.Cl. 74, 340 F.2d 337 (1965), for the

proposition that this Court should use one test to determine if an entity is an employer for purposes of FICA and FUTA taxes and another test to determine if an entity is an employer for purposes of income tax withholding. The Court of Claims issued *Venneri* nine years before *Otte*. Therefore, to the extent the principles expressed in *Venneri* are inconsistent with *Otte*, they are no longer controlling precedent in this Court.

880

1311, 1312 (5th Cir.1980). In the present case, however, § 3402(d) does not relieve plaintiff of liability because plaintiff failed to prove at trial that the helpers paid the employment taxes at issue. *See Kiesel v. United States,* 545 F.2d 1144, 1145 n. 3 (8th Cir.1976); *Kurio v. United States,* 429 F.Supp. 42, 48 (S.D.Tex.1970).

*III. 26 U.S.C. § 3509*

 Plaintiff contends that its tax liability should be reduced under 26 U.S.C. § 3509 because plaintiff classified the helpers as independent contractors. Section 3509 provides for a reduction of tax liability where an employer fails to deduct and withhold any tax by reason of mistakenly treating an employee as not an employee. *See* 26 U.S.C. § 3509. In the present case, section 3509 does not apply to reduce plaintiff's tax liability because by withholding taxes from the helpers' wages during the years in question, 1989 through 1992, plaintiff treated the helpers as employees. *See Flamingo Fishing Corp. v. United States,* 32 Fed.Cl. 377, 386 (1994); *Institute for Resource Management, Inc. v. United States,* 22 Cl.Ct. 114, 116 (1990) (noting that an employer treated workers as employees when it withheld and paid employment taxes for those workers); *Fred R. Esser, P.C. v. United States,* 750 F.Supp. 421, 423 (D.Ariz.1990).

**It is hereby ORDERED:**

"Employment taxes" as used in the court's August 21, 1997 opinion in this case includes income taxes, the employee's portion of FICA, the employer's portion of FICA, and FUTA. None of the theories put forward by plaintiff—equitable recoupment, § 3402(d), and § 3509—reduces plaintiff's liability for these employment taxes.

The parties shall submit a stipulation regarding damages to the Court by January 15, 1999.