### In re SAND ROCK LAND COMPANY, Debtors.

#### No. 98–10508.

United States Bankruptcy Court, N.D. California.

March 29, 2000.

---

Philip M. Arnot, Philip M. Arnot, Inc., Eureka, CA, for Sand Rock Land Co.

Linda Schuette, Palo Cedro, CA, trustee.

### Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

In 1984, debtor Sand Rock Land Company ("Sand Rock") paid substantial interest income to two note holders. At that time, 26 U.S.C § 6049(a) required it to file a return (1099 form) setting forth the amount of interest paid to each payee. The form also required the payee's tax identification number. If the payee failed to provide the number, 26 U.S.C. § 3406(a)(1)(D) required the person paying the interest to withhold 20 percent of the interest.

Sand Rock filed the required 1099 forms, but failed to include the payees' identification numbers or withhold any tax. As a result, the IRS issued a tax assessment against Sand Rock in 1988 for $9,276.00.

In 1989, Sand Rock's general partner, Robert McKee, sought to have the assessment abated. His application was denied because the tax had never been paid, which was a prerequisite to the relief sought. The matter remained dormant until 1998, when Sand Rock filed its Chapter 7 bankruptcy proceeding. The IRS has filed a claim for $9,276.00 in taxes

owed, plus $24,059.79 in interest and $10,-693.26 in penalties.

On October 7, 1999, this court granted summary judgment in favor if the IRS, overruling McKee's objection to the claim. The basis for the court's ruling was that McKee had cited no law to support his position that he was entitled to abatement of the taxes if he showed that the payees had in fact reported and paid taxes on their interest income from Sand Rock, and had produced no proper evidence that the payees had in fact reported their income and paid the tax. However, the court left the door open for reconsideration pursuant to FRBP 3008 if McKee produced both legal and factual grounds for abatement. His motion for reconsideration is now before the court.

■ Although McKee provided scant authority, the court's research leads it to the conclusion that the non-penalty portion of the claim is subject to abatement to the extent the interest income was reported and the taxes paid by the payees. 26 U.S.C § 3406(h)(10) provides that payments which are subject to withholding under § 3406 "shall be treated as if they were wages paid by an employer to an employee (and amounts deducted and withheld under this section shall be treated as if deducted and withheld under section 3402)." Section 3402(d) provides:

TAX PAID BY RECIPIENT.-If the employer, in violation of the provisions of this chapter, fails to deduct and withhold the tax under this chapter, and thereafter the tax against which such tax may be credited is paid, the tax so required to be deducted and withheld shall not be collected from the employer; but this subsection shall in no case relieve the employer from liability for any penalties or additions to the tax otherwise applicable in respect of such failure to deduct and withhold.

Thus, § 3402(d), made applicable to interest income by § 3406(h)(10), operates to extinguish a payer's liability in the event, and to the extent, that a payee makes payment to the IRS of such amount required to be withheld under § 3406(a). *In re ACME Music Co., Inc.*, 196 B.R. 925, 929 n. 9 (Bkrtcy.W.D.Pa.1996).

Having determined that the law permits the assessment to be abated, the court must next consider if there is sufficient evidence to support abatement. The IRS has submitted the declaration of a revenue officer which states that "[t]he Service's records reflect that no one has paid these taxes." McKee has now produced declarations from both payees. Ernest Eun Ho Shin declares that he no longer has the tax returns for the years in question, but that he reported the interest income from Sand Rock and paid any tax that became due as a result of that income. Margaret Walker has signed a declaration stating that the attachments, showing the interest income, are from her 1984 tax return. However, the attachments indicate they are from 1983 and there is no evidence of the total tax due or whether it was paid.[1]

■ Outside of bankruptcy court, a person seeking abatement under 26 U.S.C. § 3402(d) has the burden of proof. *Consolidated Flooring Services v. U.S.*, 42 Fed.Cl. 878, 879 (1999). However, at least one court has determined that in the context of a bankruptcy claim objection, the burden is on the IRS to show that no abatement is applicable. *In re Rasbury*, 130 B.R. 990, 1007 (Bkrtcy.N.D.Ala.1991). The best evidence is the tax returns of the payees. *Kurio v. U.S.*, 429 F.Supp. 42, 50 (S.D.Tex.1970).

Unfortunately, the IRS does not have copies of the Shin and Walker returns

---

1. There is some confusion as to the obligor on the notes, described by Shin as "Briceland Corporation, doing business as Sand Rock Land Company" and by Walker, in her tax return, as "Briceland Corp. (McKee)." Since the IRS has filed a claim in this case, and the objection does not raise the issue, the court assumes that any tax owed is a proper debt of this estate.

from 1984. Shin does not have his copies either. Walker may have a copy, but it has not been properly produced. The court must therefore decide the issue as best it can with the record on hand.

■ The declaration of the revenue agent states that "[t]he Service's records reflect that no one has paid these taxes." He did not state that he had reviewed the returns of the payees, or go into any detail. as to what records he reviewed. It may be that he was confused by the "Briceland" identification as the source of the interest payments in the tax returns. Shin's declaration, while terse, does state unequivocally that he reported the income and paid the tax. From this record, the court accepts Shin's testimony and concludes that the assessment as to Shin is subject to abatement.

■ The evidence as to Walker is insufficient to rebut the declaration of the revenue agent. Nowhere is there evidence that the taxes were paid. The partial copy of the tax return attached to her declaration is insufficient to establish anything, as it reflects no tax payment and appears to be for the wrong year. The amount of interest reported also does not match the amount in the 1099 form.

For the foregoing reasons, McKee's objection will be sustained as to the Shin withholding and overruled as to the Walker withholding. The claim will be allowed in the sum of $3086.60, plus interest of $8,019.66 and penalties of $10,693.26.

Counsel for McKee shall submit an appropriate form of order, which counsel for the IRS has approved as conforming to this decision.